Rapallo, J.
It will hardly admit of question, that if Gay & Joslin had personally accepted the assignment of October twentieth, with knowledge of the fraud of Alden, Frink & Weston, such acceptance would have constituted an affirmance of the sale of the wool to them, and that the attempt to reserve a right to pursue and reclaim the wool would have been ineffectual. The assignment in terms recognizes the notes given for the contract price of the wool as subsisting obligations of Alden, Frink & Weston, and, for the purpose of securing their payment to Gay & Joslin, assigns to them part of the surplus expected to result from *94 the sale of the property previously transferred to the defendant and others by the bill of sale of October nineteenth. That property embraced, according to the plaintiff’s theory, the very wool which is the subject of this action, and also a large amount of other property. The acceptance by Gay & Joslin of a lien upon the proceeds of all this property as security for the notes given for the wool would constitute an unequivocal affirmance, not only of the sale of the wool to Alden, Frink & Weston, but of the subsequent transfer thereof by that firm to the defendant and others. By stipulating for a portion of the proceeds of the sale to be made of the property by the defendant and his associates, Gay & Joslin would clearly have assented to such sale. The clause at the end of the instrument, which declares that the acceptance of it by Gay & Joslin shall not preclude them from claiming and commencing proceedings to recover the goods, is repugnant to every other part of the instrument and can have no operation. If the language had been that the acceptance by H. Bankin & Co. should not preclude Gay & Joslin from reclaiming the goods, those words might have been construed as a declaration that the acceptance by H. Bankin & Co. was conditional, and subject to approval or rejection by Gay & Joslin. But such is not the language. It speaks of the effect of the acceptance by Gay & Joslin. The provision attempts to expressly secure to Gay & Joslin the right, notwithstanding their affirmance of the sale by accepting from the fraudulent vendors security for the purchase-money, to follow the goods in the hands of the parties to whom these vendees had transferred them. This could not be done. The necessary consequence of the acceptance of security for the purchase-money was an irrevocable abandonment of the right to rescind the sale and reclaim the property.
The only question, therefore, is whether the acceptance of this security by H. Bankin & Co. was binding upon Gay & Joslin.
H. Bankin & Co. were the factors of Gay & Joslin, and in selling the wool as such factors had been defrauded. It *95 was their duty, on the discovery of the insolvency of the vendors, to secure their principal if possible. They might have reclaimed the wool if it was to be found, but it appears from the findings of the referee that a large portion of it had been consumed in the manufacture of knit goods, and neither the wool nor its products could be identified. Under these circumstances the opportunity was presented to them of obtaining security for the notes, which security was then believed by all parties to be substantial. We think that, as factors, they had the right to accept this security for the benefit of their principal. To hold that a factor, on discovering that he has been induced by fraud to part with the goods of his principal to an insolvent purchaser, who has placed the property in such a condition that it is difficult if not impossible to follow it, has no power to protect his principal by obtaining security for the debt, would be to paralyze the hand upon which the absent principal must necessarily rely at a moment when immediate action may be most essential to his interests. It is the duty of a factor to do his utmost to protect his principal from loss, and in extraordinary emergencies he is authorized to assume extraordinary powers, even to the extent of deviating from the general instructions of his principal. (Story on Agency, § 193.)
When, acting in good faith, in a case like the present, he obtains security for the price of the goods, he must be regarded as acting within the scope of his powers. His act thus becomes the act of his principal, and entails the same legal consequences which would have ensued if performed by the principal in person.
■ We are, therefore, of opinion that the acceptance by H. Rankin & Co., the factors of Gay & Joslin, of the assignment of October twentieth, operated as an affirmance of the sale of the wool, and precluded Gay & Joslin from afterward rescinding the sale and reclaiming the wool.
•Exception was duly taken to the conclusion of law, that the right to rescind the contract was not waived by H. Rankin & Co., or Gay & Joslin or the plaintiff, by anything *96 done by them or either of them. This exception was well taken, and the judgment must therefore be reversed and a new trial ordered, with costs to abide the event.
All agree, except Gboveb, J., dissenting.
Judgment reversed.